# EXHIBIT A

Trials@uspto.gov                                                                                    Paper 12
571-272-7822                                                                  Entered: February 21, 2019

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

SONY INTERACTIVE ENTERTAINMENT LLC,
Petitioner,

v.

TECHNO VIEW IP, INC.,
Exclusive Licensee of the Patent Owner.[1]

_____

Case IPR2018-01044 (Patent 7,666,096 B2)
Case IPR2018-01045 (Patent 8,206,218 B2)[2]

_____

Before WILLIAM V. SAINDON, PATRICK R. SCANLON, and
NORMAN H. BEAMER *Administrative Patent Judges*.

SAINDON, *Administrative Patent Judge*.

ORDER
*Granting* Joint Motions to Terminate Proceedings Due to
Settlement after Institution and
*Granting* Joint Requests to Treat Settlement Agreement as
Business Confidential Information
*35 U.S.C. § 317; 37 C.F.R. §§ 42.72, 42.73, 42.74*

---

[1] TD Vision Corporation S.A. de C.V. is the Patent Owner.  Paper 4.

[2] This Order applies to each of the listed cases.  We exercise our discretion to issue one Order to be docketed in each case.

IPR2018-01044 (Patent 7,666,096 B2)
IPR2018-01045 (Patent 8,206,218 B2)

## I. INTRODUCTION

Petitioner and Patent Owner (collectively referred to as "the Parties") have requested that the above-identified *inter partes* review proceedings be terminated pursuant to a settlement. On February 11, 2019, we authorized the Parties via email to file joint motions to terminate the above-identified proceedings. On February 11, 2019, the Parties filed Joint Motions to Terminate the proceedings ("Joint Motions"). Paper 11.[3] The Parties filed a Confidential Settlement and License Agreement (Exhibit 1050, "Settlement Agreement") and, as part of the Joint Motions, requested that the Settlement Agreement be kept confidential and separate pursuant to 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(c) (Paper 11, 3).

## II. DISCUSSION

Under 35 U.S.C. § 317(a), "[a]n inter partes review instituted under this chapter shall be terminated with respect to any petitioner upon the joint request of the petitioner and the patent owner, unless the Office has decided the merits of the proceeding before the request for termination is filed." It is also provided in 35 U.S.C. § 317(a) that if no petitioner remains in the *inter partes* review, the Office may terminate the review.

In the Joint Motions, the Parties represent that they have reached an agreement to jointly seek termination of this *inter partes* review proceeding, and that the filed copies of the Settlement Agreement are true and complete copies. Paper 11, 3. The Parties further represent that their settlement agreement resolves all currently pending Patent Office and District Court proceedings between the Parties involving the '096 patent and '218 patent. *Id* at 5.

We instituted a trial on the above-identified proceeding on December 4,

---

[3] Our citations to Papers and Exhibits are to those filed in IPR2018-01044. Similar Papers and Exhibits were filed in IPR2018-01045.

2

IPR2018-01044 (Patent 7,666,096 B2)
IPR2018-01045 (Patent 8,206,218 B2)

2018. Paper 9. We have not yet decided the merits of the proceedings, and final written decisions have not been entered in the proceedings. Notwithstanding that the proceedings have moved beyond the preliminary stage, the Parties have shown adequately that the termination of the proceedings are appropriate. Under these circumstances, we determine that good cause exists to terminate the proceedings with respect to the Parties.

As part of the Joint Motions, the Parties also requested that the Settlement Agreement be treated as business confidential information and be kept separate from the files of the respective patents involved in these *inter partes* proceedings. Paper 11, 3. After reviewing the Settlement Agreement between Petitioner and Patent Owner, we find that the Settlement Agreement contains confidential business information regarding the terms of settlement. We determine that good cause exists to treat the Settlement Agreement between Petitioner and Patent Owner as business confidential information pursuant to 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(c).

This Order does not constitute a final written decision pursuant to 35 U.S.C. § 318(a).

### III. ORDER

Accordingly, for the reasons discussed above, it is:

ORDERED that the Joint Motions to Terminate are *granted*, and each of IPR2018-01044 and IPR2018-01045 is *terminated* with respect to Petitioner and Patent Owner pursuant to 35 U.S.C. § 317(a) and 37 C.F.R. § 42.72; and

FURTHER ORDERED that the requests to Treat the Settlement Agreement as Business Confidential Information are *granted*, and the Settlement Agreement shall be kept separate from the files of Patent 7,666,096 and Patent 8,206,218, and made available only to Federal Government agencies on written request, or to any

IPR2018-01044 (Patent 7,666,096 B2)
IPR2018-01045 (Patent 8,206,218 B2)

person on a showing of good cause, pursuant to 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(c).


For PETITIONER:

Abran J. Kean
Eric A. Buresh
ERISE IP, P.A.
abran.kean@eriseip.com
eric.buresh@eriseip.com


For PATENT OWNER:

Thomas Kramer
O'KELLY ERNST & JOYCE, LLC
tkramer@oelegal.com

Thomas Meagher
Alan Pattillo
MEAGHER EMANUEL LAKS GOLDBERG & LIAO, LLP
tmeagher@meagheremanuel.com
cpattillo@meagheremanuel.com